UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GENNY G. CAMPBELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )   Civil Action No:  SA-13-CA-222-XR |
| | ) |
| CHRISTOPHER F. KELLY, ET AL., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

On this date, the Court considered Defendant's Motion for Leave to Designate Responsible Third Parties.  After careful consideration, the Court will GRANT the motion (docket no. 18).

**Facts and Analysis**

Plaintiff filed this lawsuit against Defendants Christopher Kelly, Liberty Capital Management, Inc., and Royal Alliance Associates, Inc.  Plaintiff alleges that she received weekly IVIG infusions for treatment of a medical condition, and this allowed her to successfully function as the vice president of business development for her employer.  In 2012, negotiations started regarding a potential change of insurance carriers for her employer.  Kelly, an agent for Liberty Capital and a registered representative offering securities and advisory services through Royal Alliance Associates, Inc., who had been the employer's broker for several years, was allegedly informed and knew that a change in carriers would not be authorized unless Plaintiff could continue receiving the treatments under the new policy and no interruption in Plaintiff's medical care would occur.  Plaintiff alleges that Kelly assured her and her employer that Plaintiff would be pre-certified/pre-authorized, thus leading to a smooth transition of carriers, and Plaintiff and her

1

employer relied on these representations when enrolling with Aetna.

However, once the Aetna policy was in effect, Aetna refused to pay. Kelly personally paid for further treatments for Plaintiff while Aetna was determining whether the claim was excluded, but eventually such payments were discontinued. On June 20, 2012, Plaintiff's pre-authorization was denied. Plaintiff traveled to California to see her original doctor, but Aetna refused to consider Plaintiff's doctor's statements. Plaintiff was then hospitalized. Plaintiff alleges that Aetna refused to pay for numerous treatments and "still refuses to pay for the full amounts for the IVIG treatment." Plaintiff alleges that, because of Defendants' misrepresentations, she has gone through a lengthy discontinuation of life-saving treatment that has negatively affected her physical and mental health, has suffered from anaphylactic shocks due to the stress of uncertainty of receiving the treatments, and continues to fight with Aetna over coverage. Plaintiff sues for negligence, gross negligence, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, DTPA violations, negligent misrepresentations, fraud, and respondeat superior/vicarious liability.

Defendant Christopher Kelly now seeks to designate Aetna and Rachel O. Fisher, an Aetna employee, as responsible third parties. Kelly asserts that "these parties were aware of the medical condition of the Plaintiff and the Plaintiff's need for treatments and assured the Plaintiff and the Plaintiff's employer that coverage for the Plaintiff's treatments would be authorized under the new policy to be issued by Aetna." Accordingly, Kelly asserts, these parties should be designated as responsible third parties under Chapter 33.

Texas Civil Practice and Remedies Code section 33.004 provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

>   ....
>
>   (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.
>   ....
>
>   (i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:
>    (1) does not by itself impose liability on the person; and
>    (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

TEX. CIV. PRAC. & REM. CODE § 33.004.

Because no objection has been filed to the motion to designate, the Court concludes that, pursuant to section 33.004, it must grant the motion. Further, pursuant to section 33.004(h), by granting a motion for leave to designate a person as a responsible third party, the person is designated as a responsible third party for purposes of chapter 33 (including submission to the jury under section 33.003[1]) without further action by the court or any party.[2]

Under section 33.011 of the Texas Practice & Remedies Code, a "responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. Further, section 33.004(l) provides that, "[a]fter adequate

---

[1] However, section 33.003 does not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission.

[2] Before the 2003 amendments to section 33.004, responsible third parties were actually joined as parties to the suit. However, since the 2003 amendments, responsible third parties are now designated, not joined.

time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." Should Plaintiff desire to file a motion under section 33.004(l), such a motion must be filed no later than the deadline for filing dispositive motions in the scheduling order.

## Conclusion

The Motion for Leave to Designate Responsible Third Parties (docket no. 18) is GRANTED, and Defendant Aetna Life Insurance Company and Rachel O. Fisher are designated as responsible third parties.

It is so ORDERED.

SIGNED this 22nd day of August, 2013

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE